IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MANUEL ACOSTA, LOUIS MONTOYA** | ) | |
| **and MARTIN HINOJOSA** | ) | |
| **on behalf themselves and all other** | ) | |
| **similarly situated individuals,** | ) | 8:08CV86 |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **TYSON FOODS, INC.,** | ) | |
| **d/b/a/ Tyson Fresh Meats, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROTECTIVE ORDER

Plaintiffs and defendant, Tyson Foods Inc., have stipulated and requested the Court enter a protective order pursuant to Fed.R.Civ.P. 26(c), to ensure and maintain the confidentiality of certain records and materials plaintiffs or defendant may produce in response to pretrial discovery requests. The parties anticipate discovery will involve sensitive confidential information related to defendant's employees and business practices.

Accordingly,

**IT IS ORDERED:**

1.      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties may designate documents, information and/or materials as "confidential." All documents, information, or materials designated as "confidential" shall be entitled to protection as provided for in this order. Documents, information, or materials that may be designated as "confidential" include: (a) sensitive personnel-related information, including performance evaluations, reasons for absences, social security numbers, blueprints, wage information, personnel files, or other employment-related materials concerning defendant's present and

former employees, including plaintiffs; (b) proprietary, confidential, commercially valuable, and/or competitively sensitive information concerning defendant that is produced or otherwise conveyed during this litigation to plaintiffs, including but not limited to: sensitive management and employee training materials, payroll information, and management policies, handbooks, and/or manuals not shared with hourly employees; and (c) business information as to which disclosure would pose a threat of competitive injury to defendant or create annoyance, embarrassment, or oppression.  If any party determines that any of its answers to written discovery requests, production, and/or deposition testimony, or those of a third party, contain "confidential" information, the specific item or passage of testimony shall be marked "confidential" and shall not be disclosed to any third parties except as provided in this order and agreement.

2.	It is expressly understood that this order and agreement shall not apply to any formerly "confidential" information that defendant has made known or makes known to or available for use to the public and/or the industry in which defendant is engaged.

3.	Plaintiffs and defendant have the right to designate as "confidential" materials produced, disclosed, or possessed by each other.  If a party does not agree with the designation, it shall nevertheless treat the documents or information as "confidential" until such time as this Court determines that such materials are not entitled to be treated as "confidential."  In the event that any party disagrees with the designation of any item as "confidential" and subject to this protective order, that party shall send a written notice to opposing counsel specifying the items in question and the basis for the objection no later than 30 days prior to the discovery deadline. In the event that the parties cannot reach an agreement concerning the confidentiality of the items in question, the party proposing

confidentiality and designating the items as confidential shall, within 30 days after the receipt of the objection to the designation, file a motion with the Court requesting a determination as to whether the item is properly subject to this protective order. The burden of proof and persuasion shall be on the party proposing confidentiality.

A deposition transcript shall be treated as "confidential" for a period of 11 days following the transmission of the transcript to counsel. During that 11-day period, counsel for the parties may designate specific portions of the transcript as "confidential." Objections to such designation shall be addressed pursuant to the procedures in this paragraph.

4.      All documents, information, and materials designated as "confidential" shall be maintained as "confidential" and shall not be used except in connection with the litigation of this matter. Documents, information, and materials designated as "confidential" may be disclosed by the opposing counsel only to the Court, Court personnel, jury members, counsel of record for the parties (including all attorneys and support staff of the law firm), defendant's in-house counsel, or pursuant to the provisions of paragraph 7, below. Individual plaintiffs shall be permitted to view documents, information, and other materials that are solely related to their personal information, regardless of whether the information is designated as "confidential" or not – in doing so, the confidential information of other plaintiffs or individuals shall not be disclosed to the individual plaintiff. Representative plaintiffs will be entitled to review confidential information about the action, but must first read and sign a copy of Exhibit A, "Statement of Confidentiality," which is attached hereto. The parties shall not otherwise disclose any "confidential" documents, information, and materials except pursuant to a written agreement by counsel, or absent such agreement, pursuant to an order of this Court

upon motion duly made. Nothing in this protective order shall limit any party or person in the use of its own documents, information, or things for any purpose. Nothing in this order shall preclude the receiving party from using "confidential" data to make reports or create simulations, but such work product shall itself be deemed "confidential."

5. In the event that any "confidential" materials will be included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other document filed with the Court, the party intending to file such material shall file a motion with the Court requesting to file such information under seal pursuant to Local Rule 5.1(c).

6. The inadvertent disclosure of any document, communication or material (hereinafter collectively referred to as "Document") that is subject to a legitimate claim that the Document(s) should have been withheld from disclosure as material protected by the Attorney-Client Privilege, Work Product Doctrine, or other available privilege or protective doctrine, shall NOT constitute a waiver of any such privilege or other applicable protective doctrine for that Document, for any associated or related undisclosed communications, or Document(s), or for the subject matter of the inadvertently disclosed Document(s), if the producing party took precautions to avoid such inadvertent disclosure and if, upon becoming aware of the disclosure, requests return of the inadvertently disclosed Document(s). The parties agree, and the Court orders, that one "precaution" that satisfies the preceding paragraph is for Tyson's counsel to assign an attorney or person, subject to the supervision of an attorney, to review the ESI documents collected as a result of the preceding paragraph before such documents are produced to Plaintiffs. Upon being notified by the producing party of the inadvertent disclosure, the receiving party must promptly return or destroy the

specified information or Document(s) and any copies it has, must not use or disclose the information or Document(s) until the claim is resolved, and must take reasonable steps to retrieve the information or Document(s) if the party disclosed it before being notified of the inadvertent disclosure.

    7.    A party may disclose documents, information, and materials designated as "confidential" by the opposing party to experts, consultants, deposition witnesses, and/or other witnesses (including individual parties) who have a need to review the material solely in connection with their potential and actual testimony in this action and who agree to be bound by this order. Any third parties provided access to information, documents, or materials designated as "confidential" shall not disclose that information except in deposition, expert report, or court testimony.

Any person, other than the Court or counsel as specified in paragraph 4, who is to obtain access to "confidential" materials pursuant to this order shall, consistent with the above provisions and prior to the receipt of such "confidential" materials, sign a copy of the "Statement of Confidentiality" attached as Exhibit A, agreeing to abide by the terms of this order and to submit to the jurisdiction of this Court for enforcement of the terms of this order. Any signed statement of confidentiality shall be forwarded to opposing counsel within 10 days of the final disposition of this matter.

    8.    Nothing in this order and agreement shall prohibit the parties from using "confidential" documents and information in depositions conducted in this litigation, provided that the deponent agrees to be bound by this order and agreement. In the event that a deponent declines a request by either party to execute a statement of confidentiality (Exhibit

A) agreeing to be bound by the terms and provisions of this order and agreement, no "confidential" information, documents, or other materials shall be disclosed to the deponent unless and until the party conducting the deposition has had a reasonable opportunity to seek either an order from the Court compelling the deponent to agree to this protective order or some other form of relief.

9. This order and agreement does not affect the right of defendant to use "confidential" documents or information in the ordinary course of business, so long as they are specifically treated as confidential.

10. The termination of this action shall not relieve any person to whom "confidential" materials have been provided or disclosed from the obligations of this order and agreement, unless the Court so orders or the parties otherwise agree. The parties agree that either may seek leave to reopen this action after final disposition in order to seek enforcement of the provisions of this protective order.

11. No later than 60 days prior to trial the parties shall confer about the use of "confidential" information at trial, and thereafter may raise the issue with the Court as needed. In the event that any "confidential" materials are used in any Court proceeding herein, such material shall not lose its "confidential" status through such use, and the parties shall take steps reasonably required to protect its confidentiality during such use.

12. The terms of this order shall continue unless and until modified and/or terminated by further order of this Court or by agreement of the parties. Any party may apply to the Court at any time for the modification or exception to this order.

13. Once this matter is concluded, whether by settlement or by final order not appealed, all "confidential" materials shall be promptly destroyed or returned to the producing

party within 30 days, except that briefs and other pleadings prepared for use in this litigation need not be returned or destroyed but shall be kept "confidential." Counsel for each of the parties shall certify, in writing, to opposing counsel that all "confidential" materials, including all copies and all materials provided to any person pursuant to paragraph 6 herein, have been returned or destroyed.

14. If a request to file documents under seal is granted pursuant to paragraph 5 herein, all "confidential" materials filed with the Court shall be withdrawn by the party that filed such material and returned to the producing party, if applicable, within 40 days of the entry of a final Order disposing of the action on the merits or by agreement of the parties.

During the course of this litigation, the parties, by their counsel only, shall be entitled to view or withdraw "confidential" materials held by the Court by providing the Clerk with a copy of this Order and appropriate identification verifying that they have entered an appearance in this action.

DATED this 29th day of March, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANUEL ACOSTA, LOUIS MONTOYA and MARTIN HINOJOSA on behalf themselves and all other similarly situated individuals, | ) ) ) ) ) 8:08CV86 |
| Plaintiffs, | ) ) ) |
| vs. | ) ORDER ) |
| TYSON FOODS, INC., d/b/a/ Tyson Fresh Meats, Inc., | ) ) ) ) |
| Defendant. | ) |

## Exhibit A

The undersigned states that he or she has read the Protective Order entered in the case of *Acosta, et al v. Tyson Foods Inc.*, Case Number 8:08CV86, District of Nebraska; agrees in return for the right to have access to the confidential materials in that case to comply with the terms of the Protective Order; and submits to the personal jurisdiction of the Federal District Court for the District of Nebraska, for the purpose of enforcement of this Protective Order.

This ___ day of _____, 2010.

Signature: _____

Name Printed: _____