**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **MANUEL ACOSTA, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **8:08CV86** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TYSON FOODS, INC.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the plaintiffs' Motion to Extend Time Related to Expert Witness Disclosures (Filing No. 98), the defendant's brief (Filing No. 99), and the plaintiffs' reply (Filing No. 100). The plaintiffs seek a second extension of the deadline to provide an expert witness report. The plaintiffs initially sought additional time for two experts, but have now provided one expert's report. The plaintiffs contend the additional time is necessary due to the late receipt of discovery from the defendant. The plaintiffs state the defendant would not suffer any prejudice from the extension because the plaintiffs agree to shorten their own time for rebuttal expert disclosures rather than extend the progression order deadlines. The defendant opposes the extension under the circumstances because the defendant agreed to a previous extension, the plaintiffs could have anticipated the current situation, and the sought deadlines would inconvenience the defendant due to a trial schedule about which the plaintiffs' counsel was aware.

The court finds the plaintiffs fail to provide good cause for the extent of the additional extension of time. **See** Fed. R. Civ. P. 16(b)(4); *Bradford v. DANA Corp.*, 249 F.3d 807, 809-10 (8th Cir. 2001); **see also** *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'") (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). The plaintiffs have had sufficient notice of the deadlines previously agreed upon and the timing for receipt of discovery. However, because one of the expert witnesses requires the newly disclosed expert opinion to provide an opinion, the court will allow a brief extension. Upon consideration,

**IT IS ORDERED**:

The plaintiffs' Motion to Extend Time Related to Expert Witness Disclosures (Filing No. 98) as amended by (Filing No. 100) are granted in part.  The progression order (Filing No. 94) is hereby amended.   The deadlines to serve the opposing party with the statements required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness a party expects to call to testify at trial are extended.  The plaintiffs shall have until **February 10, 2012**.  The defendant shall have until **March 16, 2012**.  Rebuttal expert disclosures may be made not later than **April 6, 2012**.

Dated this 30th day of January, 2012.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge