IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MANUEL ACOSTA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV86 |
| | ) | |
| vs. | ) | |
| | ) | |
| TYSON FOODS, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Compel Plaintiffs to Answer Interrogatories and Document Requests, or in the Alternative to Dismiss Plaintiffs for Failure to Respond to Discovery (Filing No. 109) and Motion to Show Cause Why Plaintiffs Who Have Failed to Respond to Discovery Requests Should not be Dismissed (Filing No. 113). The plaintiffs did not respond to the defendant's motion to compel.

## BACKGROUND

The plaintiffs are current or former employees who worked some time during the period March 1, 2004, to the present, at the defendant's Madison, Nebraska, meat processing facility. **See** Filing No. 1 - Complaint ¶¶ 3, 14. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, and state law regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including alleged failures to pay minimum wage and overtime compensation for uncompensated job-related activities.

The plaintiffs filed the instant action on February 29, 2008. **See** Filing No. 1. The defendant filed an answer on June 4, 2008. **See** Filing No. 10. The matter was temporarily stayed while the Judicial Panel on Multidistrict Litigation reviewed, then denied, the defendant's motion to transfer the case. **See** Filing Nos. 18 and 20. On November 6, 2008, the court dissolved the stay and the parties were free to begin discovery. **See** Filing No. 24. Due to the volume of class certification discovery materials, the parties were

granted several extensions of time to complete such discovery. **See, e.g.,** Filing No. 53. On March 30, 2011, the court certified the plaintiffs' class, pursuant the Fed. R. Civ. P. 23, for those employees who were paid under a "gang time" compensation system in the Kill, Cut, or Conversion departments. **See** Filing No. 73 - Order. The plaintiffs have not sought conditional certification of a class in relation to the FLSA collective action claims.

On November 23, 2011, the court entered a progression order scheduling trial for January 14, 2013. **See** Filing No. 94. At the parties' request, on June 8, 2012, the court extended the deadline for completing discovery to June 22, 2012, and for filing motions for summary judgment to July 27, 2012. **See** Filing No. 160 - Text Order. On June 22, 2012, the plaintiffs requested a two-week extension of time, until July 6, 2012, serve responses to discovery requested by the defendant. **See** Filing No. 108. The court granted the plaintiffs' request. **See** Filing No. 112.

Also on June 22, 2012, the defendant filed the instant motion to compel. **See** Filing No. 109. In the motion, the defendant seeks an order compelling the plaintiffs who have not yet responded to discovery to provide responses and the plaintiffs who have provided arguably inadequate discovery to supplement their responses. **See** Filing No. 110 - Brief. The parties conferred but were unable to resolve the discovery issues without court intervention. *Id.* at 6-7. On July 18, 2012, the defendant filed the motion to show cause. **See** Filing No. 113. The defendant states many, but not all, of the plaintiffs have now provided discovery responses, however the responses received suffer the same inadequacies as the responses received by June 22, 2012. *Id.* The plaintiff did not respond to the motion to compel.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [or] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). However, "[t]he District

2

Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. See *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested discovery. See *id.*

Federal Rule of Civil Procedure 33 provides:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

Generally, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If an objection is made, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Federal Rule of Civil Procedure 34 allows a party to request of another party production of documents for inspection and copying. Fed. R. Civ. P. 34(a). The rule applies to such documents that are "in the responding party's possession, custody, or control." *Id.* Rule 34(b)(2) further provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2).

The parties are under a continuing obligation to supplement or correct any disclosure, including an initial disclosure, response to an interrogatory, and response to a request for production, that is, or becomes, incomplete or incorrect. Fed. R. Civ. P. 26(e).

A.   **Failure to Respond**

The defendant served the plaintiffs, specifically the three named plaintiffs and 53 opt-in plaintiffs, with interrogatories and requests for production on May 4, 2012. **See** Filing No. 111 - Ex. 1 Defendant's First Set of Interrogatories to Designated Plaintiffs and Defendant's First Request for Production of Documents to Designated Plaintiffs.[1] According to the defendant,

> Thirty-six of the Plaintiffs served timely objections on June 5 or 6, 2012, and 10 of them included substantive answers. An additional 10 of the timely objectors served substantive answers on June 21, 2012. The remaining 16 timely objectors have not yet provided substantive answers. Another 20 Plaintiffs untimely served objections on June 19, 2012 and still have not provided any substantive answers.

**See** Filing No. 110 - Brief p. 3-4 (internal citations to evidence omitted).

The defendant notes that on June 22, 2012, after the motion to compel was filed, five additional plaintiffs served interrogatory responses. **See** Filing No. 113 - Reply p. 2 ¶ 5. On June 25, 2012, three additional plaintiffs served interrogatory responses. *Id.* at 3 ¶ 11. On July 6, 2012, eight additional plaintiffs served interrogatory responses. *Id.* at 4 ¶ 13. On July 11, 2012, four additional plaintiffs served interrogatory responses. *Id.* at 7 ¶ 23. On July 12, 2012, one additional plaintiff served interrogatory responses. *Id.* at 8 ¶ 27. On July 16, 2012, two additional plaintiffs served interrogatory responses. *Id.* ¶ 28.

---

[1] The court notes no Certificate of Service was filed for either the requests or responses as is required by NECivR 33.1(e) and 34.1, however because the plaintiffs do no dispute when the defendant served the discovery requests, the court will assume they were served on May 4, 2012.

4

As of July 18, 2012, thirteen plaintiffs had not provided interrogatory responses and thirty-five had not provided responses to requests for production. *Id.* at 9 ¶ 32.[2]

Although the plaintiffs sought additional time, until July 6, 2012, to provide discovery responses, the plaintiffs have not filed a response to the motion to compel, substantiated their objections, or provided any explanation for failure to timely serve all of their responses as they agreed to do. Accordingly, the defendant's motions to compel and show cause will be granted with regard to the plaintiffs with outstanding unanswered interrogatories and requests for production. The plaintiffs who have not yet served responses to the defendant's interrogatories and requests for production shall provide answers and responses, without objection, or show cause why sanctions should not be imposed against them, pursuant to Fed. R. Civ. P. 37(b)(2) and (d).

### B.   Requests for Production

The defendant served the same two requests for production on each of the named and designated plaintiffs.

> Request No. 1: All documents that relate or refer to your employment with Tyson. This request includes, but is not limited to, all documents that you created, or which Tyson Foods gave to you, relating to your employment application, hiring, orientation, initial training, subsequent training or meetings of any kind, pay stubs, or notes documenting facts relevant to the activities at issue.
>
> Request No. 2: All documents that related to, that plaintiffs contend support, or that may refute the allegations in the Complaint.

**See** Filing No. 111 - Ex. 1 p. 15 Requests for Production.

The plaintiffs who responded to these requests gave the following response to both requests:

> Information responsive to this request are in the possession of the Defendant and plaintiff exercises Federal Rule 33(d) to refer Defendant to its own business records, its own employee time and attendance system, and Plaintiff's personnel file in Defendant's possession.

---

[2] No Certificates of Service were filed indicating service of additional responses to date.

**See, e.g.,** Filing No. 111 - Ex. 2 Responses to Requests for Production p. 16.

Further, the defendant states that although five of the plaintiffs admitted in interrogatory responses they kept or have pay stubs, these plaintiffs did not produce them despite the plain language of Request for Production No. 1 seeking any pay stubs maintained by the individual plaintiffs. **See** Filing No. 110 - Brief p. 4.

The defendant has met the threshold burden of showing the requests for production of documents seek relevant discovery. More specifically, the court finds the defendant's request for pay stubs retained by the plaintiffs bears on the plaintiffs' claims and the defendant's defenses in this matter. The pay stubs may contain codes indicating certain categories of pay for activities at issues in this case. *Id.* at 12. Accordingly, the burden shifts to the plaintiffs to substantiate any objections to production. The plaintiffs did not object to the requests. Rather the plaintiffs reference Fed. R. Civ. P. 33(d) and indicate the defendant should already have access to the documents sought. To the extent the plaintiffs' response can be read as an objection to production of documents, it is overruled.

The plaintiffs do not deny they have documents responsive to the defendant's requests. In fact, some of the plaintiffs admit they have, or may have, responsive documents such as pay stubs. Moreover, an objection based on information that the moving party is already in possession of documents it seeks to obtain by inspection, is an insufficient response to requests for production; a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents. See *Ragan v. Jeffboat*, LLC, 149 F. Supp. 2d 1053, 1061 (S.D. Ind. 2001); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996); *Cook v. Rockwell Intern. Corp.*, 161 F.R.D. 103, 105 (D. Colo. 1995); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source."). Finally, Rule 33(d) does not apply to the circumstances here because the documents are the information sought, rather than an answer requiring computation, summarization, or examination of information contained in documents. **See** Fed. R. Civ. P. 33(d). Accordingly, the defendant's motion to compel will be granted such that the plaintiffs shall, without objection, supplement their responses

to Request for Production Nos. 1 and 2 to provide the discovery requested to the extent the discovery requested is in each "responding party's possession, custody, or control."

**C.   Interrogatories**

The defendant seeks relief from the court with regard to several specific interrogatories. While the defendant received the same response from all plaintiffs as to Interrogatory No. 2, the defendant only challenges particular individual's responses as to Interrogatory Nos. 7, 15, 17, 18, 20, and 22. The court will address each of the interrogatories below.

### 1.   Interrogatory No. 2

The defendant served Interrogatory No. 2 on each of the named and designated plaintiffs. Interrogatory No. 2 seeks:

> For each position identified in response to Interrogatory No.1[3] above, identify each item (other than undergarments or street clothes) that you put on or wore in connection with your work for Tyson. Identify the activities associated with these items for which you contend that should have been paid but were not paid. List each item in the order in which you put on the item and identify the location at which you put it on before the start of the shift (i.e., at home, in the locker room, in the cafeteria, etc).

**See** Filing No. 111 - Ex. 1 p. 4 Interrogatories.

The plaintiffs responded with the following objection:

> Plaintiff objects to this request on the grounds that it is overly broad. It is vague in its request to "identify the activities associated with these items". Plaintiff objects to this interrogatory as Defendant has much more accurate and detailed information regarding what it requires its employees to do "in connection with their work for Tyson." Defendant has in its possession, custody and control all relevant information on Plaintiff's job titles, areas worked and dates, equipment

---

[3] Interrogatory No. 1 states: "Identify each position you held during your employment with Tyson, including but not limited to: the position title; the dates you held each position; the department and line in which you held each position; the name(s) of your supervisor(s) in each position; and the persons you supervised, if any, in each position." **See** Filing No. 111 - Ex. 1 Interrogatories p. 4.

7

> required for such job throughout the entirety of plaintiff's employment with Defendant.

*See, e.g.*, Filing No. 111 - Ex. 2 p. 5 Rosales' Response.

The defendant argues, "Interrogatory No. 2 seeks information that is at the heart of this case–namely, the items that Plaintiffs claim they were required to wear in connection with their work."  **See** Filing No. 110 - Brief p. 12.  The defendant agrees with the plaintiffs that it has certain information, however the defendant seeks to understand the plaintiffs' perspective in an attempt to narrow the issues for trial and determine the amount of time each plaintiff spent donning and doffing that is actually in dispute.  *Id.* at 13.  The defendant contends it is entitled to discovery about the plaintiffs' version of the facts absent a stipulation from the plaintiffs about the items, activities, and timing referenced in the interrogatory.  *Id.*

The defendant has met the threshold burden of showing Interrogatory No. 2 seeks relevant discovery.  Information about the items worn and activities engaged in by the plaintiffs is central to the plaintiffs' claims and the defendant's defenses.  Accordingly, the burden shifts to the plaintiffs to substantiate any objections to production.  The plaintiffs objected to the interrogatory based on overbreadth and vagueness.  Further, the plaintiffs indicate the defendant should already have accurate information about the plaintiffs.

> Ideally an interrogatory should be a single direct question phrased in a fashion that will inform the other party what is requested. . . .  Rather general language has been permitted so long as the interrogatory gives the other party a reasonably clear indication of the information to be included in its answer.

8B Charles Alan Wright, et al., Federal Practice and Procedure § 2168 (3d ed. 2012).

"Only rarely is it held that an interrogatory is so unclear that the other party cannot reasonably be required to answer it."  *Id.*; **see** *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 625 (D. Kan. 2005) (noting overly broad requests "require the respondent either to guess or move through mental gymnastics to determine which of many pieces of [information] may conceivably contain some detail, either obvious or hidden, within the scope of the request").  A party who is concerned about uncertainty in the meaning of the interrogatory may qualify its answer.  8B Wright, et al., Fed. Prac. & Proc. § 2168; **see** Fed. R. Civ. P. 33(b)(3).

The court finds the defendant gave adequate guidance to determine the proper scope of Interrogatory No. 2. The interrogatory includes a sufficiently specific category of information rather than large or general categories, which may or may not have anything to do with this lawsuit. Accordingly, the plaintiffs' objections are overruled. The plaintiffs shall supplement their responses to include complete answers, without objection.

### 2. Interrogatory No. 7

Similar to Interrogatory No. 2, Interrogatory No. 7 states: "For each position identified in response to Interrogatory 1 above, identify each activity you allege constitutes part of the 'continuous workday' for which you were not compensated and the amount of time spent on each activity on a daily basis." **See** Filing No. 111 - Ex. 1 Interrogatories p. 6. The defendant states every plaintiff who provided substantive responses to interrogatories answered Interrogatory No. 7, except two. **See** Filing No. 110 - Brief p. 5, 13. The plaintiffs Cesar Gonzalez and Josefina Rodriguez objected as follows:

> Plaintiff objects to this request on the grounds that it is overly broad, irrelevant, and unduly burdensome. Information responsive to this request are in the possession of the Defendant and plaintiff exercises Federal Rule 33(d) to refer Defendant to its own business records, its own employee time and attendance system, and Plaintiff's personnel file in Defendant's possession. Plaintiff further objects to this interrogatory as it calls for several legal conclusions.

**See** Filing No. 111 - Ex. 2 p. 267 Josefina Rodriguez's Interrogatory Responses and Ex. 3 p. 262-263 Cesar Gonzalez's Interrogatory Responses.

The court finds Interrogatory No. 7 does seek relevant information and the defendant gave adequate guidance to determine the proper scope of Interrogatory No. 7. The interrogatory includes a sufficiently specific category of information rather than large or general categories, which may or may not have anything to do with this lawsuit. Additionally, the plaintiffs fail to explain why this interrogatory may be unduly burdensome for these two plaintiffs. As discussed above, an argument the defendant may already possess the information does not relieve the plaintiffs of their burden to produce the information sought. Finally, although the interrogatory may seek information about an application of facts to the law, the plaintiffs are in a position to answer the interrogatory

without further delay. Accordingly, the plaintiffs' objections are overruled. The plaintiffs Cesar Gonzalez and Josefina Rodriguez shall supplement their responses to include complete answers, without objection, to Interrogatory No. 7.

### 3.     Interrogatory No. 15

Interrogatory No. 15 states: "Describe in detail any lawsuit, administrative claim, grievance, or any other adversarial proceeding (hereinafter 'action') to which you have been a party, including but not limited to any adversarial proceeding arising under the Fair Labor Standards Act, . . . ." **See** Filing No. 111 - Ex. 1 Interrogatories p. 7. The defendant states every plaintiff who provided substantive responses to interrogatories answered Interrogatory No. 15, except six. **See** Filing No. 110 - Brief p. 5, 14. The plaintiffs Andres Arreguin, Maria Fortin, Maria Martinez, Jose Millan, Josefina Rodriguez, and Sergio Arrauz objected as follows:

> Plaintiff objects to this request on the grounds that it is overly broad, irrelevant, and unduly burdensome. This request calls for a legal conclusion. Moreover, this request is excessive in temporal scope. Other lawsuits, administrative claims, grievances are irrelevant to the claims in this case. Moreover, this request is vague as to "any other adversarial pleading" and calls for legal conclusions by Plaintiff.

**See, e.g.,** Filing No. 111 - Ex. 2 p. 271 Josefina Rodriguez's Interrogatory Responses.

The defendant contends the information sought by this interrogatory would establish whether the plaintiffs have made similar claims against prior employers and would also shed light on the plaintiffs' motives for participating in this litigation. **See** Filing No. 110 - Brief p. 14. The defendant denies the interrogatory is burdensome. ***Id.***

The court finds the defendant has met its burden of establishing the relevance for only responsive information related to claims made against the plaintiffs' prior employers. In all other respects, the interrogatory is overly broad. The court finds a reasonable limitation on the temporal scope of the interrogatory is appropriate. Accordingly, the court will limit Interrogatory No. 15 to information from March 1, 1994, the period starting ten years prior to the beginning of the class period. The court overrules the plaintiffs' objections as to vagueness and calling for legal conclusions because the interrogatory is reasonably clear and the plaintiffs may qualify their answers as needed. The plaintiffs

Andres Arreguin, Maria Fortin, Maria Martinez, Jose Millan, Josefina Rodriguez, and Sergio Arrauz shall supplement their answers to Interrogatory No. 15 with the addition of the following limiting language below:

> Describe in detail any lawsuit, administrative claim, grievance, or any other adversarial proceeding (hereinafter 'action') ***involving one of your prior employers and initiated on or after March 1, 1994***, in which you have been a party, including but not limited to any adversarial proceeding arising under the Fair Labor Standards Act, . . . .

### 4.     Interrogatory Nos. 17 and 18

Interrogatory No. 17 states:

> State the amount of monetary losses you claim you have experienced as a result of Tyson's actions as alleged in the Complaint. Specify each calculation that you performed to arrive at the amount stated in your response, including the relevant dates of your alleged monetary losses, the positions you held, the hours you worked, and the amounts of time for which you seek overtime pay.

Interrogatory No. 18 states:

> Identify each person who you believe has knowledge or claims to have knowledge of facts relating to, supporting, or contradicting any allegation in the Complaint, including but not limited to persons you will or may call as witnesses at trial. For each such person, please describe in detail the knowledge you believe he or she possesses relevant to, supporting, or contradicting the Complaint and identify all documents (including formal or informal statements) that evidence, describe, or refer to his or her knowledge.

**See** Filing No. 111 - Ex. 1 Interrogatories p. 8.

Several of the plaintiffs responded to these two interrogatories:

> Plaintiff objects to this request on the grounds that it is unduly burdensome, vague, and harassing.

**See** Filing No. 111 - Ex. 2 p. 271-272 Josefina Rodriguez's Interrogatory Responses; Ex. 3 p. 188-189 Enrique Dominguez Cruz's Interrogatory Responses, p. 227 Delfina Duque's Interrogatory Responses, p. 267-268 Cesar Gonzalez's Interrogatory Responses, and p. 306 Ana Vivas' Interrogatory Responses.

The defendant contends the amount of the monetary losses allegedly suffered by the plaintiffs based on their claims against the defendant and those persons with knowledge about the facts alleged in the Complaint are relevant and discoverable. **See** Filing No. 110 - Brief p. 14-15. The defendant seeks supplemental responses to Interrogatory Nos. 17 and 18 from the plaintiffs Ana Vivas, Cesar Gonzalez, and Enrique Dominguez Cruz. *Id.* at 5, 14. The defendant also seeks supplemental responses to Interrogatory No. 18 from the plaintiff Delfina Duque. *Id.* The court finds the information sought is relevant. The plaintiffs fail to substantiate their objections. The objections are overruled. Accordingly, the plaintiffs Ana Vivas, Cesar Gonzalez, and Enrique Dominguez Cruz shall supplement their responses to Interrogatory Nos. 17 and 18, without objection, and the plaintiff Delfina Duque shall supplement her responses to Interrogatory No. 18, without objection.

### 5.     Interrogatory Nos. 21 and 22

The defendant argues the plaintiff Andres Arreguin should be required to supplement his responses to Interrogatory Nos. 21 and 22. **See** Filing No. 110 - Brief p. 6, 15. Interrogatory No. 21 states: "How long did you typically retain your pay stubs from Tyson, and do/did you typically review your pay stubs from Tyson?" **See** Filing No. 111 - Ex. 1 Interrogatories p. 9. As a follow-up question, Interrogatory No. 22 asks: "Do you have in your possession, custody, or control any stubs or other documents you received during your employment with Tyson or any other documents relevant to Plaintiffs' claims or Defendant's defenses?" *Id.* at 10. Andres Arreguin responded to both interrogatories by stating: "Plaintiff objects to this request on the grounds that it is unduly burdensome, vague, and harassing." **See** Filing No. 111 - Ex. 3 p. 326 Andres Arreguin's Interrogatory Responses.

The court has already determined discovery related to the pay stubs is relevant to the parties' claims and defenses. Similarly, the court finds Interrogatory Nos. 21 and 22 seek relevant discoverable information. The interrogatories are reasonably clear by indicating what information should be included in the answers. Further, the plaintiff fails to substantiate how the interrogatories would be unduly burdensome or harassing.

Accordingly, the plaintiff Andres Arreguin shall supplement his responses to Interrogatory Nos. 21 and 22, without objection.  Upon consideration,

**IT IS ORDERED**:

1. The defendant's Motion to Compel Plaintiffs to Answer Interrogatories and Document Requests, or in the Alternative to Dismiss Plaintiffs for Failure to Respond to Discovery (Filing No. 109) is granted as set forth herein.

2. The defendant's Motion to Show Cause Why Plaintiffs Who Have Failed to Respond to Discovery Requests Should not be Dismissed (Filing No. 113) is granted as set forth below.  The defendant's motion is denied, without prejudice, with regard to the plaintiffs' responses received that were characterized by the defendant as "grossly deficient."  The defendant shall have until **August 30, 2012**, to confer with the plaintiffs' counsel about outstanding or deficient responses, addressed by this order or otherwise, and file a motion to compel.

3. **On or before August 17, 2012**, the plaintiffs shall serve responses or supplemental responses to the defendant's interrogatories and requests for production, without objection, as set forth below, or show cause why sanctions should not be imposed against them.  Such sanctions may include dismissal of each of the non-responding plaintiff's claims against the defendant pursuant to Fed. R. Civ. P. 37(b)(2) and (d).

> a. The plaintiffs who have not yet served responses to the defendant's interrogatories and requests for production shall provide such answers and responses.
>
> b. The plaintiffs shall supplement their responses to include complete answers, without objection, to Interrogatory No. 2.
>
> c. The plaintiffs Cesar Gonzalez and Josefina Rodriguez shall supplement their responses to include complete answers, without objection, to Interrogatory No. 7.
>
> d. The plaintiffs Andres Arreguin, Maria Fortin, Maria Martinez, Jose Millan, Josefina Rodriguez, and Sergio Arrauz shall supplement their responses to Interrogatory No. 15, as limited to actions initiated on or after March 1, 1994, involving prior employers.

  e. The plaintiffs Ana Vivas, Cesar Gonzalez, and Enrique Dominguez Cruz shall supplement their responses to Interrogatory Nos. 17 and 18.

  f. The plaintiff Delfina Duque shall supplement her responses to Interrogatory No. 18.

  g. The plaintiff Andres Arreguin shall supplement his responses to Interrogatory Nos. 21 and 22.

Dated this 30th day of July, 2012.

            BY THE COURT:

            s/ Thomas D. Thalken
            United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.