**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **MANUEL ACOSTA, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **8:08CV86** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TYSON FOODS, INC.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's Motion to Preserve Right to a Jury Trial (Filing No. 132). The defendant filed a brief (Filing No. 133) and an index of evidence (Filing No. 134) in support of the motion. The plaintiffs filed a brief (Filing No. 138) and an index of evidence (Filing No. 139) in opposition to the motion. The defendant filed a brief (Filing No. 141) and an index of evidence (Filing No. 142) in reply.

## BACKGROUND

The plaintiffs are current or former employees who worked some time during the period March 1, 2004, to the present, at the defendant's Madison, Nebraska, meat processing facility. **See** Filing No. 1 - Complaint ¶¶ 3, 14. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, and state law regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including alleged failures to pay minimum wage and overtime compensation for uncompensated job-related activities.

The plaintiffs filed the instant action on February 29, 2008. **See** Filing No. 1. The plaintiffs did not demand trial by jury in the Complaint. *Id.* The defendant filed an answer on June 4, 2008. **See** Filing No. 10. The defendant did not demand trial by jury in the Answer. *Id.* The matter was temporarily stayed while the Judicial Panel on Multidistrict Litigation reviewed, then denied, the defendant's motion to transfer the case. **See** Filing Nos. 18 and 20. On November 6, 2008, the court dissolved the stay and the parties were

free to begin discovery.  **See** Filing No. 24.  Due to the volume of class certification discovery materials, the parties were granted several extensions of time to complete such discovery.  **See, e.g.,** Filing No. 53.  On March 30, 2011, the court certified the plaintiffs' class, pursuant the Fed. R. Civ. P. 23, for those employees who were paid under a "gang time" compensation system in the Kill, Cut, or Conversion departments.  **See** Filing No. 73 - Order.  The plaintiffs have not sought conditional certification of a class in relation to the FLSA collective action claims.

On June 2, 2011, the court entered a progression order scheduling the matter to trial by stating, "**Trial** is set to commence, at the court's call, during the week of **July 16, 2012**, in Omaha, Nebraska, before the Honorable Joseph F. Bataillon and a jury. Unless otherwise ordered, jury selection shall be at the commencement of trial."  **See** Filing No. 74 - Order p. 5.  The court issued an amended progression order on October 27, 2011, moving the trial to November 13, 2012, but otherwise using identical language.  **See** Filing No. 92 - Order p. 4.  Again on November 23, 2011, the court continued trial to January 14, 2013, otherwise using identical language referencing a jury trial.  **See** Filing No. 94.  The deadline for completing discovery was June 22, 2012, and for filing motions for summary judgment was July 27, 2012.  **See** Filing No. 160 - Text Order.  After the discovery deadline, the plaintiffs continued to provide certain discovery.

The defendant filed the instant motion seeking trial by jury on August 1, 2012.  **See** Filing No. 132.  The defendant argues that although neither of the parties formally requested trial by jury, the court and the parties nevertheless proceeded based on an understanding the case would be tried to a jury.  Specifically, the defendant references the court's progression orders and statements made by plaintiffs' counsel in writing and during recent depositions.  Based on this reliance, the defendant argues the plaintiff has the burden to show cause justifying setting aside the progression order scheduling the matter for a jury trial.  **See** Filing No. 141 - Reply p. 1.  Further, the defendant contends the plaintiffs made the "recent strategic" and "sudden assertion" that no party had requested trial by jury to support their position on summary judgment.  **See** Filing No. 133 - Brief p. 3.  Finally, the defendant contends the putative class members suffer prejudice if a non-jury trial is held.  *Id.* at 5-6.  The defendant argues holding a non-jury trial without prior express notice to putative class members prevents knowing and voluntary waiver of those

class members' right to choose a jury trial and opt-in or out accordingly.  ***Id.***; **see** Filing No. 77-1 - Form Notice to Class.  Ultimately, the defendant contends this case is fact-intensive and best suited for trial to a jury.  **See** Filing No. 133 - Brief p. 4, 6-9.

The plaintiffs argue that since no trial by jury was demanded by either party, the parties have waived such right.  **See** Filing No. 138 - Response.  The plaintiffs assert the defendant failed to sustain its burden to overcome waiver, even if waiver was inadvertent based on the defendant's erroneous assumption the plaintiffs made a jury demand, such inadvertence is legally insufficient.  ***Id.*** at 4-8.  Additionally, the plaintiffs contend the nature of this case, as it involves questions of law or mixed questions of law and fact, further supports denial of the defendant's motion.  ***Id.*** at 11-19.  The plaintiffs argue the defendant lacks standing to question the putative class members' notice or waiver of the jury trial right.  ***Id.*** at 21-22.  Finally, the plaintiffs contend they would suffer undue prejudice if the case is tried to a jury due to their discovery development decisions based on the parties' initial waiver.  ***Id.*** at 22-24.  By contrast, the defendant fails to identify any prejudice stemming from proceeding to a non-jury trial.  ***Id.*** at 24.

## ANALYSIS

Federal Rule of Civil Procedure 38(a) states the right of trial by jury as declared by the Seventh Amendment, or as given by federal statute, "is preserved to the parties inviolate."  Fed. R. Civ. P. 38(a).  The procedure governing requests for a trial by jury in a civil matter is set forth in Rule 38(b), which provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1)     serving the other parties with a written demand–which may be included in a pleading–no later than 14 days after the service of the last pleading directed to the issue is served; and
> (2)     filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b) (changing the time period from ten to fourteen days with the 2009 amendment does not impact the court's analysis).  This court's local rules also provide a procedure for demanding a jury by placing a notation on the pleading.  **See** NECivR 38.1.  "A party waives a jury trial unless its demand is properly served and filed."  Fed. R. Civ. P. 38(d).

Since no jury demand was made in this case, Rule 39 applies.  Rule 39 states, "[i]ssues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).  The Eighth Circuit notes courts "ought to approach each application under Rule 39(b) with an open mind and that jury trials ought to be liberally granted when no prejudice results . . . ." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (internal citation and quotation omitted).  Even so, generally, "inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)." *Westchester Day School v. Village of Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007) (citing cases); *Littlefield*, 614 F.2d at 585 (finding failure to make jury demand based on inexperience insufficient to overcome delay caused by allowing trial to proceed before jury).  Other than, "the reason for the movant's tardiness in requesting a jury trial," the court also considers:

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that [of] an adverse party;

(3) the degree of prejudice to the adverse party; [and]

(4) the length of the delay in having requested a jury trial . . . .

*Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 212 (S.D. Iowa 2001); **see** *Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1324 (S.D. Iowa 2005).

Despite the court's progression orders referencing trial by jury, neither of the parties requested trial by jury until over four years after the plaintiffs filed their Complaint.  Granting the defendant's request would not likely result in disruption of the court's schedule, however the plaintiffs may reasonably seek to expand discovery based on the change.  The degree of prejudice to the plaintiffs is difficult to qualify assuming counsel made discovery decisions over time in reliance upon waiving the right to a jury trial.  By contrast, the defendant fails to suggest any prejudice to it should the case be tried without a jury.  Resolving the parties' dispute will require the fact finder to determine mixed questions of law and fact suggesting trial by jury, although not inappropriate or overly burdensome, would create unnecessary challenges.  On consideration of all relevant factors, the court

finds the parties waived their right to a jury trial, well before the defendant sought to preserve the right, the issues are not "best tried to a jury," and the degree of prejudice to the plaintiffs at this stage of the case does not justify trial by jury.  Upon consideration,

**IT IS ORDERED**:

1.     The defendant's Motion to Preserve Right to a Jury Trial (Filing No. 132) is denied.

2.     Trial remains set to commence, at the court's call, during the week of **January 14, 2013**, in Omaha, Nebraska, before the Honorable Joseph F. Bataillon.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 18th day of September, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.