IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MANUEL ACOSTA, On Behalf Of Himself And All Other Similarly Situated Individuals; LUIS MONTOYA, On Behalf Of Himself And All Other Similarly Situated Individuals; and MARTIN HINOJOSA, On Behalf Of Himself And All Other Similarly Situated Individuals;

   Plaintiffs,

 vs.

TYSON FOODS, INC.,

   Defendant.

8:08CV86

MEMORANDUM AND ORDER

This matter is before the court on the following motions in limine filed by the defendant: (1) to Preclude Damages Evidence or Calculations on Behalf of Rule 23 Class Members Who Opted Out, Employees Who Are Outside The Class Definition, and Temp-Agency Workers Who Were Not Tyson Foods Employees, Filing No. 211; (2) to Exclude Certain Evidence at Trial, Filing No. 208;[1] (3) to Preclude Evidence or Argument of Plaintiffs' New Meal Period Theory, Filing No. 205; (4) to Preclude Plaintiffs

---

[1] In that motion, Tyson seeks exclusion of: (1) any evidence of, or relating to, Food Safety and Inspection Service regulations governing the pay practices of federal meat inspectors and any rules and policies related thereto, including Exhibit P-118 on Plaintiffs' Exhibit List; (2) any evidence relating to Food and Drug Administration Regulations, including Exhibit P-107 on Plaintiffs' Exhibit List; (3) Any evidence of judicial decisions not involving Tyson Foods, including Exhibits P-127, P-128, and P-129 on Plaintiffs' Exhibit List; and (4) any references to the Fair Labor Standards Act or FLSA concepts or standards and all evidence that goes solely to FLSA issues, including the federal definition of "work," the federal Portal Act and its judicially-created "integral and indispensable" test, the concept of "predominant benefit" that governs federal meal-period claims, the *Reich v. IBP* litigation (which was limited to FLSA claims), the Supreme Court's *IBP v. Alvarez* decision (which was limited to FLSA claims), good faith and willfulness issues as they relate to the FLSA claims, and any regulations or opinion letters issued by the United States Department of Labor; Plaintiffs' Exhibits 1-3, 5, 7-10, 14-18, 22, 24-27, 30-31, 33-34, 38,59, 62, 68, 70, 72-73, 100-01, 104, 106-21, 124-25, 127-47; and witnesses Michael Hancock and Michael Stabler, who have been U.S. Department of Labor officials. *See* Filing No. 208.

From Calling Witnesses or Presenting Documents, Testimony or Arguments Not Disclosed in Discovery, Filing No. 202; and (5) motion in limine to Preclude Damages Evidence, Filing No. 216.

This is a trial to the court. Trial courts should be more reluctant to exclude evidence in a bench trial than a jury trial. See *Builders Steel Co. v. Commissioner*, 179 F.2d 377, 379 (8th Cir.1950) ("[A] trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted"). Thus, in bench trials evidence should be admitted and then sifted when the district court makes its findings of fact and conclusions of law. *Fields Eng'g & Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589, 594 (8th Cir. 1981). In a nonjury case, the trial court is presumed to consider only the competent evidence and to disregard all evidence that is incompetent. *Taylor v. Taylor*, 211 F.2d 794, 797 (8th Cir. 1954); s*ee also Builders Steel*, 179 F.2d at 379 (noting that the trial court, capable of ruling accurately upon the admissibility of evidence, is equally capable of sifting it accurately after it has been received, and, since findings are based on the evidence that is found competent, material and convincing, there is no harm in the presence in the record of testimony that the court does not find competent or material). Where the court has assumed the role of fact-finder in a bench trial, "the better course" is to "hear the testimony, and continue to sustain objections when appropriate." *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 258 (8th Cir. 1985).

To the extent that [a party] challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the

2

weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996). Also, some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439-40 (7th Cir. 1997).

Tyson's motions are to some extent dependent on the court's rulings on other pending motions, see Filing No. 144, defendant's motion to dismiss for failure to respond to discovery; Filing No. 199, defendant's motion to dismiss named plaintiffs; and Filing No. 215, plaintiffs' motion to clarify. Because the court has denied the defendants' motions to dismiss, and has clarified that the FLSA claims remain at issue, the motions will be denied as to evidence that relates to the FLSA claim or to damages of plaintiffs who remain parties to the litigation or members of the class.

The court is unable to evaluate the relevance of most of the other challenged evidence in the context of a pretrial motion. The court finds defendant's motions are more in the nature of objections that go to the weight, not the admissibility of the evidence. The court finds the defendant's concerns can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial or as timely objections as the trial progresses. Some evidence may be admissible only for a limited purpose, but the court cannot determine the ambit of any such limitation at this time. Some of the challenged evidence, such as judicial opinions, regulations, and opinion letters, relate to issues of law, and the admissibility of those documents is not at issue in a trial to the court.

The court notes for the record that it is not inclined to admit evidence that relates to the plaintiffs' alleged "new meal period theory," if it is in fact asserted. The issue with respect to mealtimes is the compensability of time spent donning and doffing, and the entire meal break is not at issue.

Further, the court is not generally inclined to admit evidence not disclosed in discovery. The defendant's motion in that regard is directed at a document known as the "Bill of Rights" and at rebuttal witnesses Michael Stabler and Michael Hancock. Allowing "a party to present additional evidence on rebuttal depends upon the circumstances of the case and rests within the discretion of the individual most able to weigh the competing circumstances, the trial judge." *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993) (noting that the general purpose of the discovery procedures is to eliminate surprise and achieve substantial justice); *Martinez v. Union Pac. R.R. Co.*, 82 F.3d 223, 226-27 (8th Cir. 1996) (stating the court has broad discretion regarding whether to exclude testimony from fact witnesses that was not disclosed in compliance with the court's pretrial order). Four factors guide the court's discretion: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) bad faith or willfulness in failing to comply with the court's order. *Martinez,* 82 F.3d at 227. The testimony of fact witnesses who were untimely disclosed "'should seldom be barred unless bad faith is involved.'" *Bergfeld v. Unimin Corp.*, 319 F.3d 350, 355 (8th Cir.2003) (quoting *Mawby,* 999 F.2d at 1254). Moreover, if any unfair surprise exists, "the proper course" may not

be "exclusion but instead something less drastic, such as a continuance to allow the [parties] to prepare further for the new information." *Doe v. Young*, 664 F.3d 727, 736-37 (8th Cir. 2011). The court is unable to evaluate those factors at this time, but notes that Tyson can seek leave to depose those potential witnesses, if necessary. There are several weeks until the trial.

Tyson objects to use by the plaintiffs of Tyson's "Bill of Rights" as evidence of an agreement required to recover for overtime under the Nebraska Wage Payment and Collection Act. The court finds that document is of little relevance. The "agreement" that forms the basis of the plaintiffs' right to recovery under the NWPCA is the fact that the plaintiffs are or were hourly employees of the defendant, who performed work and were entitled to compensation. The agreement need only be that the defendant agreed "to pay plaintiffs at the appropriate rate of pay for the duties they were performing." *See* [Hawkins v. City of Omaha, 261 Neb. 943, 627 N.W.2d 118, 130 (Neb. 2001)](#) (the agreement need only be that the defendant agreed "to pay plaintiffs at the appropriate rate of pay for the duties they were performing."); *Morales v. Greater Omaha Packing Co., Inc.*, 2008 WL 5255807, *2 (D. Neb. Dec. 15, 2008) (stating "[i]n the present case, the parties' employment relationship shows that they agreed to at least some terms, conditions and rates of pay for the work performed.").

The fact that plaintiffs did not list the "Bill of Rights" as the basis for recovery in their answers to interrogatories is of no consequence. Whatever the plaintiffs allege, resolution of the issue is a matter of law for the court to determine. The court is not limited to the plaintiffs' lay-person characterization of their claims. Moreover, the Bill of Rights is Tyson's own document. Tyson cannot now claim surprise.

Further, the court notes that damages calculations with respect to persons who have opted out of the Rule 23 class, or to persons who are outside the class, such as employees hired since the class certification are generally irrelevant, but may be admissible for some other purpose. Tyson also seeks to limit evidence with respect to temp-agency workers. The court notes that an employer may incur overtime liability under FLSA even where an employee performs work for a separate employer, if the interests of both employers are sufficiently entangled to create a "joint employment" relationship. *See, e.g., Falk v. Brennan*, 414 U.S. 190, 194 (1973) (FLSA contemplates there being several simultaneous employers who may be responsible for compliance with FLSA). To find joint employment, the facts must establish that "employment by one employer is not completely disassociated from employment by the other." 29 C.F.R. § 791.2(a); *Janda v. City of Omaha*, 580 N.W.2d 123, 129 (Neb. Ct. App. 1998). In that event, "all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of [the FLSA]" and all joint employers are responsible, both individually and jointly, for compliance with [the FLSA], including the overtime provisions, with respect to the entire employment for the particular workweek. *Id. Accordingly,* Tyson is not necessarily absolved of minimum wage and overtime liability even if the workers were employed by a temporary agency. Of course, the court will admit evidence only on a proper showing of relevance and foundation. The court finds that the motions in limine should be overruled at this time, without prejudice to reassertion via timely objection to the admissibility of such evidence at trial. Accordingly,

THEREFORE, IT IS ORDERED THAT the defendant's motions in limine (Filing Nos. 202, 205, 208, and 216) are denied without prejudice to reassertion at trial.

Dated this 21st day of December, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge