IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANUEL ACOSTA, On Behalf Of Himself And All Other Similarly Situated Individuals; LUIS MONTOYA, On Behalf Of Himself And All Other Similarly Situated Individuals; and MARTIN HINOJOSA, On Behalf Of Himself And All Other Similarly Situated Individuals;<br><br>                Plaintiffs,<br><br>    vs.<br><br>TYSON FOODS, INC.,<br><br>                Defendant. | 8:08CV86<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's motion to dismiss plaintiffs who have failed to respond to discovery requests, Filing No. 144. The plaintiffs are current or former employees who worked during the relevant time period the defendant's Madison, Nebraska, meat processing facility. This is a class action for violations of Nebraska state wage compensation statutes, and an action of violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*

The defendant seeks dismissal of nineteen plaintiffs as a sanction for failing to comply with a discovery order.[1] In response to motions to compel and to show cause,

---

[1] Defendant seeks dismissal of the following plaintiffs: Manuel Acosta, Rafaeal Casarubios Duque, Genero M. Espinales, Carlos Figueroa, Jose C. Figueroa, Daniel Flores, Flora Garcia, Guadalupe Leal, Fanscico Mendez, Luis Montoya, Martha Navarro, Margarita Pantoja, Guadelupe Portillo, Paul Portillo, Maria Reinaga, Antonio Rosales, Felicitas Rosales, Minerva Silva, and Guadalupe Tello Hernandez.

this court ordered the plaintiffs to serve responses or supplemental responses to the defendant's interrogatories and requests for production. See Filing No. 131.

In response to the present motion, the plaintiffs have shown that all of the 19 listed individuals have filed responses to the defendant's interrogatories and several have been deposed. Filing No. 170, Index of Evid., Ex. 3, Affidavit of Candis McGowan ("McGowan Aff."). The plaintiffs have also presented evidence that plaintiffs' counsel informed the defendant's counsel on June 21, 2012, that plaintiffs' counsel had produced all documents that plaintiffs provided that were responsive to the requests for production, that many plaintiffs stated they had no documents, and that no documents were being withheld from Tyson. Filing No. 170, Ex. 3, McGowan Aff. at 1-2. Also, plaintiffs have shown there was an understanding between counsel that the defendant would "not be seeking more complete responses from any of the plaintiffs who have provided supplemental answers." Id., Ex. 5, E-mail correspondence.

The plaintiffs have shown that the defendant noticed 44 depositions, but agreed to forego depositions if the plaintiff removed any individual from the trial witness list. Plaintiff has also shown that the defendant deposed 12 of the plaintiffs in 2010.[2] See Filing No. 137, Response; Filing No. 140, Notice of Correction. The record shows that the plaintiffs conceded in response to the show cause that 12 plaintiffs had failed to respond to recovery and agreed to remove them from the trial list. See Filing No. 169,

---

[2] Those were Martha Solano Lopez, Maria De La Paz Ramierz de Reinaga, Osmany Fernandez, Carlos Figueroa, Manual Acosta, Santos Andrade, Guadalaupe Tello Hernandez, Francisco Hernandez, Felicitas Rosales, Guerrero Enrique, Daniel Flores, and Cesar Gonzales.

Plaintiff's Response at 4. Those plaintiffs are not listed on the amended witness list.[3] See Filing No. 137, Response to Show Cause; Filing No. 192, Plaintiffs' Amended Witness List.

The defendant does not refute the plaintiff's contentions, but argues "there is no evidence that [defense counsel] Mr. Mueller agreed to accept the oral statements of Plaintiffs' counsel as a substitute for each individual Plaintiffs' discovery obligations." *See* Filing No. 182, Reply Brief at 3.

The court finds that the plaintiffs have substantially complied with the magistrate judge's order and the sanction of dismissal is not warranted. The court finds the defendant's position with respect to the representations made by plaintiffs' counsel is unreasonable at best and arguably disingenuous. Defendant has not shown it has been prejudiced in any way by the plaintiffs' allegedly deficient or untimely discovery responses. The defendant has had an opportunity to depose most of the individuals. Defendant has already been notified that plaintiffs' do not intend on calling any of the concededly non-responsive plaintiffs at trial. For the most part, the documentary evidence sought (pay stubs, etc.) is already in the possession of the defendant. Also, the information sought in the interrogatories is largely duplicative of information gleaned from other plaintiffs' responses to interrogatories or from the depositions. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (Filing No. 144) is denied.

---

[3] Of the plaintiffs against whom the defendant seeks the sanction of dismissal, the plaintiffs do not list the following as potential witnesses on the amended witness list they filed on December 7, 2012: Genero M. Espinales, Jose C. Figueroa, Guadalupe Leal, Fanscico Mendez, Luis Montoya, Martha Navarro, Guadelupe Portillo, Paul Portillo, Antonio Rosales, or Minerva Silva as potential witnesses. *See* Filing No. 192.

Dated this 21st day of December, 2012.

BY THE COURT:

s/ Joseph F. Bataillon

United States District Judge