IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MANUEL ACOSTA, LUIS MONTOYA, and
MARTIN HINOJOSA, on Behalf of Himself
and All Other Similarly Situated Individuals;

Plaintiffs,

vs.

TYSON FOODS, INC.,

Defendant.

8:08CV86

MEMORANDUM AND ORDER

This matter is before the court on Defendant's Objection to Production of Pay and Punch Data for Employees Hired After Class Certification, Supplementation After the Close of Discovery, and Extension of the Damages Period, Filing No. 312; Plaintiffs' Motion to Compel and to Extend Time for Submission of Updated Damages Pursuant to Court Order, Filing No. 313; and Defendant's Emergency Motion for Clarification of Court's Directive of May 31, 2013, to Produce Certain Pay Data, and Opposition to Plaintiffs' Motion to Compel, Filing No. 314.

All of these motions are interrelated. This action was tried to the court. Shortly before trial, the court ruled on a flurry of motions in limine. The court denied Tyson's motion to preclude damages evidence with respect to certain classes of employees, without prejudice to reassertion at trial. The issue was raised and addressed in closing arguments to the court and the plaintiffs expressed their position as follows: "Well, first we don't agree that the class cuts off on that date [the date of the class certification order]. If that were the case, we'd have to go file another lawsuit for these new hires on these identical issues." Filing No. 297, Transcript (Vol. VII) at 1864. The court had the matter under advisement. Both parties were afforded an opportunity to brief the issues. *Id.* at 1920. Also, plaintiffs' expert, Dr. Liesl Fox, testified extensively at trial with

respect to her ability to revise her calculations with different variables from payroll data, and was specifically asked about including or removing class members based on date of hire. Filing No. 293, Transcript (Vol. III) at 699. Defendant's expert, Dr. Peter Nickerson, was also questioned about calculations of backpay for employees hired after March 30, 2011. *Id.* at 753; Ex. 612. Any contention of unfair surprise by Tyson is disingenuous. It was clearly contemplated by the parties and the court that backpay damages could be recalculated in accordance with the court's findings. Filing No. 297, Transcript (Vol. VII) at 1865.

After trial, the court ruled on the class definition issue as part of its Findings of Fact and Conclusions of Law. Filing No. 311, Findings of Fact and Conclusions of Law at 5, 49. The court essentially adopted the plaintiffs' position and found "the appropriate remedy in this class action is a backpay award to all employees who were paid on 'gang time' up to the date of judgment." *Id.* at 5.

Tyson seeks clarification of that ruling, proposing that the court must have been referring to the 112 new hires that were the subject of its earlier motion in limine and not to "all employees who were paid on 'gang time' up to the date of judgment." Filing No. 314, Defendant's Motion for Clarification at 3. To clarify, the court meant what it said: the class includes all Tyson employees who are paid on "gang time" up to May 31, 2013. *See id.* "All employees" would necessarily include the 112 new hires that were the subject of the defendant's motion as well as any other employees hired in the interim. Despite the apparent confusion, the court finds its order is straightforward. The rationale for inclusion of the 112 new hires would apply equally to later-hired employees and Tyson's arguments to the contrary lack merit. Further, the court addressed notice and opt-out issues in its order. *Id.* at 4.

Tyson's objection to the court's class certification ruling is based on the assertion that the plaintiffs never sought such relief and Tyson had not been afforded an opportunity to address it. Calling the court's Findings and Conclusions "tentative," Tyson argues that the court's finding on class definition is dicta "because the Plaintiffs did not request such relief either before trial or in their post-trial proposed findings and the Court did not include it in its 'Order' at pages 49-50." Filing No. 314, Defendant's Emergency Motion at 2, 6. As noted above, the plaintiffs expressed their position at trial and the defendant had every opportunity to argue against the plaintiffs' position. As the finder of fact, the court's findings are not limited to those proposed by the parties; the court's findings are based on the evidence presented at trial. Also, Tyson's reliance on the court's purported findings in the related *Gomez v. Tyson* case, No. 8:08CV21, are misplaced since the court has not yet addressed damages issues in the case or entered judgment.[1] Accordingly, the court finds there is no merit to Tyson's objection to the court's Findings of Fact and Conclusions of Law and the objection should be overruled.

The plaintiffs move to compel production of the payroll data for employees hired by Tyson after September 24, 2011, and for an extension of time in which to produce its calculations based on that data. As noted, the court has rejected Tyson's arguments. Tyson represents that it has produced data for the 112 employees included in Dr. Fox's damages calculations who were hired after March 30, 2011, and for all of the other original class members through May 31, 2013. Filing No. 314, Motion for Clarification at

---

[1] Notably, the parties briefed and addressed the identical issue in *Gomez*, No. 8:08CV21, Filing Nos. 253, plaintiffs' motion to compel, and 263, defendant's response; and the plaintiffs' objection to the magistrate judge's ruling on class definition and alternative motion to amend the class definition remains pending in that case. See *Gomez v. Tyson*, No. 8:08CV21, Filing No. 338. Contrary to Tyson's assertions, no ruling on class definition has been made in that case. Tyson mischaracterizes the posture of the class definition issue in *Gomez*, implying that it has been resolved in Tyson's favor, when that is clearly not the case.

2-3. The court has now clarified that Tyson was ordered to also produce payroll data for all "new hires" from September 25, 2011, through May 31, 2013. The court finds the plaintiffs' motion to compel that data should be granted. Tyson shall produce the payroll data within 30 days of the date of this order or the court will schedule a contempt hearing. Accordingly,

IT IS ORDERED:

1. Tyson's Objection to Production of Pay and Punch Data for Employees Hired After Class Certification, Supplementation After the Close of Discovery, and Extension of the Damages Period (Filing No. 312) is overruled.

2. Plaintiffs' Motion to Compel and to Extend Time for Submission of Updated Damages (Filing No. 313) is granted.

3. Defendant shall produce payroll data for all "new hires" from September 25, 2011, through May 31, 2013, to plaintiffs within 30 days of the date of this order.

4. Plaintiffs are granted 30 days thereafter in which to file an updated damages calculation.

5. Defendant's Emergency Motion for Clarification of Court's Directive of May 31, 2013 (Filing No. 314) is granted; the court's order dated May 31, 2013 (Filing No. 311) is clarified as set forth in this order.

Dated this 12th day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge