IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MANUEL ACOSTA, on Behalf of Himself
and All Other Similarly Situated Individuals;

            Plaintiff,

    v.

TYSON FOODS, INC.,

            Defendant.

8:08CV86

MEMORANDUM AND ORDER

      This matter is before the court on the defendant's "Motion to Amend the Court's Findings of Fact and Conclusions of Law or Make Additional Findings and Amend the Judgment Accordingly."[1] Filing No. 337.

      The defendant seeks additional or different findings on issues of damages, admission of Dr. Mericle's testimony, class certification, and propriety of state law claims. Specifically, it asks the court to adopt its proposed findings and amend the judgment accordingly. It contends the court has not addressed many of its arguments.

      The court has reviewed the defendant's 79-page brief in support of its motion and finds the defendant's contentions lack merit. The defendant's arguments are a mere rehash of arguments that have been considered and rejected, some numerous times, by the court. The defendant is essentially unhappy with the result of the trial, a position properly the subject of an appeal.[2]

---

[1] The court finds that awaiting a response from the plaintiff to this motion would add little to the discussion, and will needlessly increase attorney's fees and further delay the proceeding.

[2] For example, Tyson "objects to the Court's attempts to distinguish the Eighth Circuit case law." Filing No. 338, Brief at 11; see Filing No. 311, Memorandum and Order at 38 n.16. Tyson also challenges the court's failure to address Dr. Nickerson's testimony on punch times and suggests that the court adopt its proposed finding in that respect. Filing No. 338, Brief at 15, 35. The court implicitly

Motions to amend a judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment. *Diocese of Winona v. Interstate Fire & Cas. Co.,* 89 F.3d 1386, 1397 (8th Cir. 1996); *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1220 (5th Cir. 1986) (a motion to amend should not be employed to "introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits"). Rule 52(a) does not require the court to exhaustively discuss every argument raised by a party, no matter how untenable. *See King v. United States*, 553 F.3d 1156, 1161 (8th Cir. 2009) (stating that a district court need not specifically decide each and every disputed fact, but must provide sufficient findings of fact to enable the Appeals Court to review its decision).

The court does not find it necessary to amend its findings or to adopt the defendant's self-serving proposed findings of fact. The court's failure to adopt Tyson's proposed findings of fact is an implicit finding that the evidence did not establish those facts. The court's prior orders meant what they said. *See* Filing Nos. 301, 311, 316, 330 and 335, Memoranda and Orders.

The motion is the latest of Tyson's lengthy and recalcitrant efforts to relitigate settled issues and to delay. *See* Filing No. 311, Memorandum and Order at 18-26 (outlining Tyson's litigation history). The court has consistently found Tyson's actions to

---

rejected the punch data by adopting Dr. Fox's testimony that the punch data was irrelevant because the employees were not paid on punch time. Filing No. 311, Memorandum and Order at 48. Tyson is aware of that fact by virtue of the court's ruling in another Tyson donning and doffing case. *See Gomez v. Tyson*, 8:08CV21, Filing No. 434, Memorandum and Order at 5-6 n.5  (D. Neb. Oct. 10, 2013) ("In *Acosta*, the court rejected Dr. Nickerson's purported theory and evidence and credited Dr. Fox's testimony that punch clock data was not relevant to any issue in the case since the time clocks were used only for attendance and not to determine pay."). To clarify, the court rejected Dr. Nickerson's punch-time data as irrelevant because there was no evidence that connected punch times to donning, and/or doffing, i.e., the evidence was that employees could punch in either before or after they donned and/or doffed.

be unreasonable, disingenuous, and in reckless disregard of the law and has rejected its arguments as fallacious. See Filing No. 311, Memorandum and Order at 34 (noting Tyson "performed great acts of legalistic legerdemain in its attempt to dodge the obligations clearly imposed on it in *Alvarez*"); s*ee also Gomez v. Tyson*, No. 8:08CV21, Filing No. 440, Order at 2 (D. Neb. Nov. 5, 2013). Accordingly,

IT IS ORDERED that the defendant's "Motion to Amend the Court's Findings of Fact and Conclusions of Law or Make Additional Findings and Amend the Judgment Accordingly" (Filing No. 337) is denied.

DATED this 3rd day of March, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge